# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued January 27, 2023     Decided March 10, 2023

No. 22-7060

ELSA MALDONADO, ET AL.,
APPELLANTS

v.

DISTRICT OF COLUMBIA, A MUNICIPAL CORPORATION,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:10-cv-01511)

———

*Michael L. Huang* argued the cause for appellants.  With him on the briefs were *Martha Jane Perkins, Kathleen L. Millian, Nicholas F. Soares,* and *Stephanie A. Madison.*

*Richard S. Love*, Senior Assistant Attorney General, Office of the Attorney General for the District of Columbia, argued the cause for appellee.  With him on the brief were *Karl A. Racine*, Attorney General, at the time the brief was filed, *Caroline S. Van Zile*, Solicitor General, *Ashwin P. Phatak*, Principal Deputy Solicitor General, and *Thais-Lyn Trayer*, Deputy Solicitor General.

2

Before: PAN, *Circuit Judge*, and SENTELLE and TATEL, *Senior Circuit Judges*.

Opinion for the Court filed by *Senior Circuit Judge* TATEL.

TATEL, *Senior Circuit Judge*: More than a decade ago, Medicaid recipients filed this suit alleging that in violation of the Due Process Clause, the District of Columbia is failing to provide them notice and an opportunity to be heard when denying them prescription coverage. The case is now before us for the third time. In the first two appeals, we reversed the district court's dismissals for lack of standing and for failure to state a claim, respectively. On remand, the district court once more dismissed the case, this time for mootness. For the reasons set forth below, we again reverse and remand with instructions to proceed expeditiously with discovery and allow plaintiffs to make their case.

**I.**

We described the background of this case in our two previous opinions. *See NB ex rel. Peacock v. District of Columbia*, 682 F.3d 77 (D.C. Cir. 2012); *NB ex rel. Peacock v. District of Columbia*, 794 F.3d 31 (D.C. Cir. 2015). For purposes of this appeal, readers need know only the following. Medicaid-eligible individuals typically do not learn whether their prescriptions are eligible for Medicaid coverage until they attempt to fill them at a pharmacy. But when pharmacies determine that a prescription is ineligible for Medicaid coverage, they often fail to explain why the prescription was denied or how the Medicaid recipient can appeal. In 2010, plaintiffs, Medicaid-eligible individuals, filed this putative class action alleging that the District's "policies, procedures, and practices of failing to provide individualized written

3

notice" when Medicaid benefits are denied "violate[s] the Due Process Clause." Second Am. Compl. ¶ 1.

The district court first dismissed the case for lack of standing. We reversed. *NB ex rel. Peacock*, 682 F.3d at 87. The district court then dismissed for failure to state a claim. Again, we reversed. *NB ex rel. Peacock*, 794 F.3d at 44.

On remand, plaintiffs sought to proceed with discovery, which the district court had stayed ever since the District filed its first motion to dismiss in 2010. Although the district court did set a discovery schedule, it soon stayed it because the District issued a memorandum to all pharmacies (the "transmittal memorandum") requiring them to explain to Medicaid recipients why a prescription is denied and how to appeal.

Based on this memorandum, the district court again dismissed, this time on mootness grounds. According to the district court, the transmittal memorandum "provides complete relief to all potential plaintiffs" by enacting a new District-wide policy "specifically designed to provide the notice to which plaintiffs are entitled under the Constitution." *Maldonado v. District of Columbia*, No. 10-1511 (RJL), 2022 WL 910512, at *3, *4 (D.D.C. Mar. 29, 2022). Because the policy, if "implemented correctly," would "lead to the exact form of individualized notice that [plaintiffs] seek," the district court concluded that it could not "provide the plaintiffs with any further relief." *Id.* at *4.

Plaintiffs again appeal, arguing that their case is not moot because, notwithstanding the transmittal memorandum, some number of Medicaid recipients are still not informed why their prescriptions are denied or how they can appeal. Plaintiffs also urge us to reassign the case to a different district judge. The District defends the district court's decision. Our review is de

4

novo. *True the Vote, Inc. v. IRS*, 831 F.3d 551, 555 (D.C. Cir. 2016).

## II.

A case becomes moot when the court "can grant no meaningful relief." *McByrde v. Committee to Review Circuit Council Conduct*, 264 F.3d 52, 55 (D.C. Cir. 2001). Indeed, "[o]nly when it is *impossible* for a court to grant any effectual relief" is a case moot. *Decker v. Northwest Environmental Defense Center*, 568 U.S. 597, 609 (2013) (emphasis added) (internal quotation marks and citation omitted). The "heavy burden" of proving mootness falls "with the party asserting a case is moot." *Honeywell International v. NRC*, 628 F.3d 568, 576 (D.C. Cir. 2010) (internal quotation marks omitted).

In order to assess mootness, we must first define the "wrong" alleged in the complaint "in terms of the precise controversy it spawns." *PETA v. Gittens*, 396 F.3d 416, 422 (D.C. Cir. 2005) (internal quotation marks omitted). According to the district court, the "wrong" alleged in the complaint was the lack of a policy and the "entirety of the relief" plaintiffs were seeking was a new "notice policy." *Maldonado*, 2022 WL 910512, at *3, *4. This is wrong.

The amended complaint challenges not only the District's policies (or lack thereof), but also "procedures [] and practices of *failing to provide* individualized written notice." Second Am. Compl. ¶ 1 (emphasis added). Plaintiffs objected to not only the District's "actions," but also its "inactions" and asked the court to "requir[e] the District of Columbia to give them timely and adequate individualized written notice." Second Am. Compl. ¶ 3. Thus, the wrong the complaint alleges is, in addition to the absence of a policy, the actual failure to provide notice. And the relief plaintiffs sought was, in addition to a

5

change in policy, a "permanent injunction ordering [the District and its agents] to comply with the Due Process Clause." Second Am. Compl. at 35.

Our court has likewise described the alleged wrong as the failure to provide notice. In our decision reversing the district court's dismissal for lack of standing, we characterized the harm as a "systematic[] deni[al]" of plaintiffs' constitutional rights to "timely and adequate written notice." *NB ex rel. Peacock*, 682 F.3d at 80, 81. And we grounded plaintiffs' constitutional standing not on the absence of policy, but on the District's "procedural violations that threaten an individual's ability to obtain Medicaid coverage of prescription medications." *Id.* at 83.

The District insists that the case is nonetheless moot because the transmittal memorandum has been "largely successful." Appellee's Br. 32. In support, it cites an even more equivocal declaration: "*As far as the District is aware*, the notification policy is largely successful." Joint Appendix 497, Supp. Byrd. Decl. ¶ 12 (emphasis added). This is hardly sufficient to meet the District's "heavy burden" of demonstrating mootness, *True the Vote*, 831 F.3d at 561, especially given that plaintiffs introduced evidence that pharmacies are in fact failing to provide notice. Plaintiffs surveyed sixteen pharmacies and discovered that thirteen, spread across all eight wards, were failing to comply with the transmittal memorandum. And when one named plaintiff sought prescription coverage over a year after the transmittal memorandum circulated, her Medicaid coverage was denied without any notice of why or how she could challenge the denial. The District challenges none of this evidence.

For its part, the district court dismissed plaintiffs' evidence as a "small handful of individualized instances of alleged

6

noncompliance with the new policy." *Maldonado*, 2022 WL 910512, at *4. But having denied plaintiffs any opportunity for discovery, the district court would have had no way of knowing the extent to which Medicaid recipients are being denied notice. In any event, the "heavy burden of establishing mootness is not carried by proving that the case is nearly moot, or is moot as to a 'vast majority' of the parties." *True the Vote*, 831 F.3d at 561.

To sum up, plaintiffs challenge the District's failure to give Medicaid recipients reasons for denying their prescriptions and an explanation of how to appeal, and uncontested evidence demonstrates that, notwithstanding the transmittal memorandum, some number of plaintiffs are still not receiving the information they claim they are entitled to under the Due Process Clause. Because it is not "impossible for [the district] court to grant any effectual relief," the case is not moot. *Decker*, 568 U.S. at 609 (internal quotation marks and citation omitted). Indeed, the case is no more moot than *Brown v. Board of Education* would have been if, in the wake of the Supreme Court's 1954 decision, the Topeka Board of Education had issued a memorandum directing its schools to desegregate and record evidence demonstrated that Black children were still attending segregated schools.

## III.

For the foregoing reasons, we reverse and remand. Given this case's advanced age and our repeated reversals, we expect the district court to proceed swiftly to lift the stay on discovery, and to schedule briefing on class certification and dispositive motions. We thus see no reason to reassign the case to a different judge. *See In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 763 (D.C. Cir. 2014) (reassigning cases is appropriate "only in the exceedingly rare circumstance that a district

7

judge's conduct is 'so extreme as to display clear inability to render fair judgment'" (citation omitted)).

*So ordered.*